THE STATE, Respondent, v. DEVLIN, Appellant.

1. One A. was put upon his trial for an alleged misdemeanor; after the evidence on both sides was closed, the court refused to submit the case to the jury as requested by A., and against objection on his part called the next case on the docket, being a case of misdemeanor, and empanneling the same jury heard the evidence in the same, and submitted both causes to the same jury at the same time. *Held,* that the court committed error.

*Appeal from St. Louis Criminal Court.*

This was a prosecution for an assault and battery originally instituted before a justice of the peace. The cause was taken by appeal to the St. Louis Criminal Court. The defendant, Charles Devlin, was put upon his trial in the Criminal Court, and evidence having been given on both sides, the case was closed. The court then called the next case on the docket, which was a case of misdemeanor, and the same jury was sworn in said second cause. Devlin objected to this course of proceeding, and insisted that he had the right to have the jury retire and consider of their verdict in his case before having another submitted to them. The court overruled

State v. Devlin.

the objection. Evidence was heard in the second cause, and the two causes were submitted to the same jury, upon instructions, at the same time, and they retired to consider the several causes submitted to them. They returned separate verdicts.

*A. J. P. Garesché*, for appellant.

*C. G. Mauro*, (circuit attorney,) for respondent.

I. The Criminal Court committed no error in submitting both cases to the jury at the same time. It was a matter of discretion with that court, and this court will not interfere unless it is apparent that injustice has resulted from it. Both cases were misdemeanors, and the court below, to save time and costs to the county, tried and submitted them to the same jury at the same time. No injustice was done the appellant, because the lowest punishment was imposed upon him. The evidence shows clearly that an offence had been committed by him.

RYLAND, Judge, delivered the opinion of the court.

This was a prosecution for an assault and battery. There was a trial by a jury, and a verdict against the defendant. The record shows that after the testimony in this case was closed, the court called the next case on the docket, being for a misdemeanor, against another defendant, and the testimony in this last case being also finished, the jury were then instructed as to the law in this case against Devlin. This course of proceeding was objected to by the defendant, Devlin, who insisted that his case should be first submitted to the jury and be determined before any other matter should be submitted to the same jury. In this we think the defendant was right, and for the irregularity in this matter the judgment below must be reversed. This may be looked upon as a small matter, and that the irregularity might have done injury to either party; but it is nevertheless an irregularity which this court must not allow. If we begin in this manner to sanction such a proceeding, we can not tell when or

where it may end. It is the right of the accused to have his case tried by a jury free from any improper bias. This trial must be in its nature a single matter, and the court has no right to impose on the defendant and his counsel the necessity of waiting and listening to a different prosecution for a different offence; and has no right to draw the attention of the jury to a new and different prosecution before the first one submitted to them is determined.

This is a dangerous precedent, and it requires condemnation at once. Irregularities begin at first by degrees, and are tolerated because no perceivable injury has followed the first step. But the best method is not to sanction one so new, and which may lead to such consequences as the one here complained of. The judgment below is reversed alone on the ground of the irregularity here mentioned. The other judges concurring, the judgment will be reversed, and the cause remanded.